IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS ORTIZ<br>46 EAST SUMMIT STREET<br>MOHNTON, PA 19540<br><br>    Plaintiff,<br>vs.<br><br>KUTZTOWN UNIVERSITY PUBLIC<br>SAFETY AND POLICE SERVICES<br>KUTZTOWN UNIVERSITY, OLD MAIN<br>I-WING, KUTZTOWN, PA 19530<br><br>    Defendant. | No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CIVIL ACTION

  Plaintiff, LUIS ORTIZ, by and through his undersigned counsel hereby brings this Complaint against Defendant, KUTZTOWN UNIVERSITY PUBLIC SAFETY AND POLICE SERVICES, and in support thereof avers as follows:

### PARTIES

  1. Plaintiff, LUIS ORTIZ, is a Spanish male, with an address of 46 East Summit Street, Mohnton, PA 19540.

  2. Defendant, KUTZTOWN UNIVERSITY PUBLIC SAFETY AND POLICE SERVICES, is upon information and belief, a registered business entity authorized to do business in the Commonwealth of Pennsylvania in excess of fifteen employees and a place of business located at Kutztown University, Old Main, I-Wing, Kutztown, PA 19530.

1

## VENUE AND JURISDICTION

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII").

4. Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the violations alleged below occurred in this District and because both parties are found in this District.

## FACTUAL ALLEGATIONS AND ADMINISTRATIVE EXHAUSTION

5. Plaintiff filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 2, 2025.

6. On April 7, 2025 the EEOC issued a "Right to Sue Letter" a copy of which is attached as Exhibit "A."

7. Plaintiff, a Spanish male, was employed by Defendant, Kutztown University Public Safety and Police Services.

8. Plaintiff was hired by Defendant in January 2024, which agreed to serve as his employer for purposes of attending the Reading Police Academy.

9. Following his graduation in June 2024, Plaintiff commenced his full-time employment with Defendant as his first position as a Pennsylvania Police Officer.

10. Soon after the start of his employment in or about July 2024, Plaintiff was exposed to highly unprofessional conduct and comments made by his Chief of Police, David Drezek, which involved certain comments about other co-workers, which Chief Drezek referred-to as "not real men."

11. Throughout the summer and into the early fall of 2024 Plaintiff, while working directly with Corporal Amanda George, to which he was assigned, was called a "fucking idiot" multiple times by Corporal George and subject to intimidation from Chief Drezek who again continued to repeat phrases which were suggestive of some type of toxic masculinity.

12. More specifically, Chief Drezek referenced several times to Plaintiff the idea that "real men keep their word."

13. In October 2024, Plaintiff communicated to his superior and direct report, Corporal George, that he was having a medical procedure for which he was taking off a short period from work.

14. Corporal George asked what the procedure was and although hesitant to say, Plaintiff explained that he was under taking a vasectomy.

15. Corporal George responded to this information by telling Plaintiff that he should "just put it in your wife's butt."

16. Throughout the entire day and work shift Corporal George continued to reference the scheduled vasectomy stating, "If your wife let you F her in her butt" that you wouldn't need to get one, and "I had to tell Edwin (a former police officer) the same thing because he went and got one, but he needed one because he had like a million kids. You know how you Spanish guys are."

17. As a result of Corporal George's comments, Plaintiff was understandably upset and distressed, feeling that these sexual comments that were made were highly inappropriate and unnecessary in addition to the clearly racially derogatory comments also made about him and another coworker of the same heritage.

18. On October 31, 2024, the day before Plaintiff's vasectomy procedure, Corporal George made comments throughout the work shift about him having anal sex with his wife, stating "It's your last chance if you're going to load her up" and that "you should be doing it all night because you will not be able to have sex with your wife for a while."

19. Again, Corporal George's statements caused Plaintiff to become understandably embarrassed and distressed, especially in light of the deeply personal nature of the upcoming medical procedure scheduled.

20. Throughout November and December of 2024, Corporal George made a variety of other inappropriate sexual comments, specifically about a coworker who was homosexual, stating "yeah so protect your butt around him," and referring to him as our "new gay liaison."

21. Upon information and belief, Corporal George has been known to engage in highly inappropriate sexual commentary and behavior which has resulted in significant turnover among police officers under her charge within Defendant's organization and over a significantly long period of time.

22. Upon information and belief, some five to ten police officers, all of whom have been subjected to severe and/or pervasive sexual commentary such as that which Plaintiff has been exposed to were ultimately forced to resign the employment rather than continue to face ongoing, unlawful hostility.

23. Despite Corporal George's course of unlawful offensive and discriminatory conduct, of which Defendant was aware, Defendant has failed to take any appropriate remedial actions, including appropriate discipline which had served to deter her conduct and/or to consider Ms. George's outright termination.

24. The patterns of behaviors described rises to the level of severe and/or pervasive requiring her termination in accordance with Defendants duties to take appropriate remedial actions under the law.

25. In December 2024, Plaintiff submitted a lengthy and detailed description of unlawful conduct he had experienced as detailed above to Defendant's Human Resources Department Representative, Alexis Martin.

26. By memorandum of March 3, 2025, Plaintiff's complaints against Corporal George were sustained in part, Defendant finding that she had engaged in "unprofessional behavior, including derogatory and sexually explicit comments" about Plaintiff and his wife.

27. As a part of the complaint of discrimination made and in fear of retaliation, Plaintiff requested that he not be required to work with Corporal George, which request was refused by Defendant as no alterations were made to his schedule and he was required to work entire work shifts with the person he had complained about formally, Corporal George, and which he continues to have to require to do, even following the memorandum referenced above.

28. As the result of Plaintiff's having filed a formal complaint against Corporal George, he has been subjected to numerous instances of retaliation by Defendant.

29. Specifically, since the complaint was made, Chief Drezek's formerly aggressive and inappropriate mannerisms and behaviors towards Plaintiff have grown only more outrageous.

30. Chief Drezek, on one occasion yelled profanities about Complainant to his boss, calling Complainant a "fucking liar" and repeatedly shouting that he was "done with me, which outburst occurred in the presence of multiple witnesses including Danielle Santos, Maroun Tabarani, and Lieutenant Justin Soumas.

31. As further instance of retaliation, in March of 2025 a specialty assignment for which Plaintiff had been approved and which would have earned him overtime hours was unilaterally withdrawn, which Plaintiff attended and provided no compensation.

32. As even further instances of retaliation, Plaintiff was approved to receive specialized training to become a defensive tactics instructor.

33. Since making his complaint of discrimination, these approvals have been withdrawn.

## COUNT ONE
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.* – GENDER AND RACE DISCRIMINATION/HOSTILE WORK ENVIROMENT

34. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

35. During the course of his employment with Defendant, Plaintiff has been subjected to a hostile work environment based upon his gender and race.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring compensation for damages suffered in the form of lost wages (backpay); anticipated wages (front pay); emotional distress; mental anguish; pain and suffering; inconvenience; humiliation; loss of the enjoyment of life; punitive damages; reasonable attorney's fees and costs; and all such other relief as this Court deems just, equitable and proper.

## COUNT TWO
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.* – RETALIATION

36. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

37. Plaintiff has been retaliated against by Defendant due to his formal complaint of discrimination based on gender and race.

38. Plaintiff believes that the mistreatment he has received was in retaliation for complaining of unlawful discrimination.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant requiring compensation for damages suffered in the form of lost wages (backpay); anticipated wages (front pay); emotional distress; mental anguish; pain and suffering; inconvenience; humiliation; loss of the enjoyment of life; punitive damages; reasonable attorney's fees and costs; and all such other relief as this Court deems just, equitable and proper.

MESHKOV & BRESLIN

BY: ADAM D. MESHKOV, ESQUIRE
Attorney ID No.: 94856
830 Lehigh Street
Easton, PA 18042
(T) 610.438.6300 / (F) 610.438.6304
adm@meshkovbreslin.com
*Attorney for Plaintiff*

# EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/07/2025

**To:** Mr. Luis H. Ortiz
46 East Summit Street
Mohnton, PA 19540

Charge No: 530-2025-04942
EEOC Representative and phone:  Legal
Legal Unit
(267) 589-9707

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
04/07/2025
Karen McDonough
Deputy District Director

**Cc:**
Kutztown University, Old Main, I-Wing
Kutztown, PA 19530

Karen M Romano
Pennsylvania State System of Higher Education
2300 Vartan Way, Suite 207
Harrisburg, PA 17110

Adam D Meshkov Esq.
Meshkov & Breslin, LLC
830 Lehigh Street
Easton, PA 18042


Please retain this notice for your records.